IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FAISON, | : | CIVIL ACTION |
| *Plaintiff*, | : | |
| v. | : | |
| LOPEZ, et al., | : | No. 23-cv-04212 |
| *Defendants.* | : | |

MEMORANDUM

**KENNEY, J.**                                                                                                          **March 4, 2025**

After a February 23, 2022 car accident, Plaintiff brought negligence claims against Defendants. During trial, Plaintiff objected to portions of videotaped trial testimony by Defendants' orthopedic surgery expert, Dr. Joshua Auerbach, during which Dr. Auerbach explained the findings of Defendants' biomechanical engineering expert, Dr. Stephanie Pasquesi. *See* Auerbach Trial Dep. at 49, 91. This Court sustained the objections. Defense counsel then requested the evening to research the objections but withdrew the request the following morning. For the reasons set forth below, this Court sustains the objections.

An expert may be permitted to rely on the findings of another expert to form an opinion. *See ZF Meritor, LLC v. Eaton Corp.*, 696 F.3d 254, 292 (3d Cir. 2012); *Snider v. Sterling Airways, Inc.*, 758 F. App'x 283, 288 (3d Cir. 2018). However, medical and scientific experts cannot "be the mouthpiece of a scientist in a different specialty." *Dura Auto. Sys. of Ind., Inc. v. CTS Corp.*, 285 F.3d 609, 614 (7th Cir. 2002) (citation omitted); *see Rowland v. Novartis Pharms. Corp.*, 9 F. Supp. 3d 553, 570 (W.D. Pa. 2014) (rejecting oncologist's testimony about a different medical specialty); *see also TK-7 Corp. v. Estate of Barbouti*, 993 F.2d 722, 732 (10th Cir. 1993) (rejecting expert's reliance on another expert's findings when it was not established that the first expert "had

any familiarity with the methods or reasoning used by [the second expert]"). The district court has significant discretion to admit or exclude expert testimony. *See United States v. Leo*, 941 F.2d 181, 196 (3d Cir. 1991).

During the testimony at issue, Dr. Auerbach, an orthopedic surgeon, appeared to be merely parroting the findings of Dr. Pasquesi, a biomechanical engineer. *See* Auerbach Trial Dep. at 48–49, 89. Dr. Auerbach did so without a foundation indicating he was familiar with the methods or reasoning used in biomechanical engineering. *See Dura Auto Sys. Of Ind.*, 285 F.3d at 614. Accordingly, the objections are sustained.

**BY THE COURT:**

/s/ Chad F. Kenney

**CHAD F. KENNEY, JUDGE**